

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

LMN/CNR
F.#2011R00870

*610 Federal Plaza*
*Central Islip, New York 11722*

March 23, 2012

**BY HAND DELIVERY AND ECF**

TO: Attached Counsel List

      Re:  United States v. Jose Perez, <u>et al</u>.
           <u>Criminal Docket No. 12-171 (ADS)</u>

Dear Counsel:

    Pursuant to Rule 16 of the Federal Rules of Criminal Procedure, the government hereby furnishes the following discovery with respect to the above-captioned case.  Any additional discovery will be provided to you as it becomes available.  The government hereby also requests reciprocal discovery.

A.    <u>THE DEFENDANT'S STATEMENTS</u>

    Under separate cover, the government will provide you with any post-arrest statements that your client may have made.

    To the extent that your client made any pre-arrest statements intercepted by either court-authorized wiretaps or the Riker's Island jail recordings, please refer to Sections C and D of this letter (<u>infra</u>).

B.    <u>THE DEFENDANT'S PRIOR RECORD</u>

    Under separate cover, the government will provide you with your client's criminal history report, if any.

C.    <u>TITLE III WIRETAP EVIDENCE</u>

    Prior to the defendant's arrest, the government conducted court-authorized wiretaps on the following cellular telephones:

| **DATE OF AUTHORIZATION AND JUDGE** | **TELEPHONE NUMBER** |
|---|---|
| October 14, 2011<br><br>Hon. Leonard D. Wexler | Cellular telephone number (347) 727-9727, used by Wilfred Castillo |
| October 27, 20111<br><br>Hon. Leonard D. Wexler | Cellular telephone number (347) 231-0893, used by Norberto Rodriguez |
| November 23, 2011<br><br>Hon. Arthur D. Spatt | Cellular telephone numbers (347) 231-0893, used by Norberto Rodriguez; and (347) 513-3282, used by Wilfred Castillo |
| December 23, 2011<br><br>Hon. Leonard D. Wexler | Cellular telephone numbers (347) 231-0893, used by Norberto Rodriguez; and (347) 513-3282, used by Wilfred Castillo |
| January 26, 2012<br><br>Hon. Leonard D. Wexler | Cellular telephone number (347) 231-0893, used by Norberto Rodriguez |
| March 1, 2012<br><br>Hon. Leonard D. Wexler | Cellular telephone number (347) 231-0893, used by Norberto Rodriguez |

<u>Documents Relating to Wiretaps</u>

You may request copies of applications, affidavits and orders related to these wiretaps by contacting **Joe Meisner at First Choice Copy, telephone number (718) 381-1480, extension 212, and asking for print job number 60136**. Only counsel of record or someone from his or her office will be permitted to obtain the documents.

<u>Wiretap Recordings and Line Sheet Summaries</u>

Compact discs containing the recordings of the above-listed wiretap intercepts and are available for your review. Line sheet summaries are contained on the compact disks. You may request copies of the audio recordings and line sheet summaries by contacting **Joe Meisner at First Choice Copy, telephone number (718) 381-1480, extension 212, and asking for print job number 60136**. Only counsel of record or someone from his or her office will be permitted to obtain the documents. Line sheet summaries

are governed by the parties' draft transcript stipulation.  If you wish to inspect these recordings at our Offices, please contact me to schedule an appointment.

Draft transcripts of wiretap recordings will be provided to you by the government if and when they are drafted in preparation for trial in this case.

D. <u>RIKER'S ISLAND JAIL CALLS AND LINE SHEET SUMMARIES</u>

Prior to defendant Kenneth Suarez's arrest on the instant case, the government recorded calls made to and from Kenneth Suarez while he was an inmate at Riker's Island jail on an unrelated matter.  Those calls were recorded with his consent.

A compact disc containing the recordings of the above-described Riker's Island jail calls are available for your review.  An FBI 302 report containing line sheet summaries of the Riker's Island recordings is also available.  You may request copies of the audio recordings and the line sheet summaries by contacting **Joe Meisner at First Choice Copy, telephone number (718) 381-1480, extension 212, and asking for print job number 60136**.  Only counsel of record or someone from his or her office will be permitted to obtain the recordings and documents.  Line sheet summaries are governed by the parties draft transcript stipulation.  If you wish to inspect these recordings at our Offices, please contact me to schedule an appointment.

Draft transcripts of the Riker's Island recordings will be provided to you by the government if and when they are drafted in preparation for trial in this case.

E. <u>NARCOTICS EVIDENCE</u>

The government is in possession of narcotics seized or purchased during controlled buys from defendants by confidential informants or an undercover officer, where indicated.  If you wish to make an appointment to conduct an inspection of the narcotics evidence, which is described more fully below, please contact me.  The lab reports pertaining to these controlled purchases are discussed below in Section G.

<u>Seized Narcotics Evidence From Controlled Purchases</u>

    a.   <u>Narcotics purchased on June 23, 2011</u>: On or about June 23, 2011, a confidential informant bought one "sleeve" of heroin, having a net weight of approximately 4.2

3

        grams, from Norberto Rodriguez for approximately $600.

b. <u>Narcotics purchased on June 24, 2011</u>:
On or about June 24, 2011, a confidential informant bought three "sleeves" of heroin, having a net weight of approximately 12.6 grams, from Norberto Rodriguez for approximately $1400.

c. <u>Narcotics purchased on June 28, 2011</u>:
On or about June 28, 2011, a confidential informant bought eight "sleeves" of heroin, having a net weight of approximately 34.4 grams, from Norberto Rodriguez for approximately $4,000.

d. <u>Narcotics purchased on June 29, 2011</u>:
On or about June 29, 2011, a confidential informant bought five "bundles" of heroin, having a net weight of approximately 2.0 grams, from Eric Suarez, Dana Sollecito and others for approximately $425.

e. <u>Narcotics purchased on July 7, 2011</u>:
On or about July 7, 2011, a confidential informant bought seven "sleeves" of heroin, having a net weight of approximately 35.2 grams, from Norberto Rodriguez for approximately $3,500.

f. <u>Narcotics purchased on July 20, 2011</u>:
On or about July 20, 2011, a confidential informant bought five "sleeves" of heroin, having a net weight of approximately 21.6 grams, from Norberto Rodriguez and an unknown male for approximately $2,500.

g. <u>Narcotics purchased on July 27, 2011</u>:
On or about July 27, 2011, a confidential informant bought two "sleeves" of heroin, having a net weight of approximately 8.6 grams, from Wilfred Castillo for approximately $1,200.

h. <u>Narcotics purchased on August 11, 2011</u>:
On or about August 11, 2011, a confidential informant bought two "sleeves" of heroin,

        having a net weight of approximately 9.2 grams, from Wilfred Castillo for approximately $1,200.

i. <u>Narcotics purchased on August 18, 2011</u>: On or about August 18, 2011, a confidential informant bought three "sleeves" of heroin, having a net weight of approximately 14.9 grams, from Norberto Rodriguez and an unknown male for approximately $1,500.

j. <u>Narcotics purchased on August 19, 2011</u>: On or about August 19, 2011, a confidential informant bought two "bundles" of heroin, having a net weight of approximately 0.83 grams, from Dana Sollecito for approximately $180.

k. <u>Narcotics purchased on September 7, 2011</u>: On or about September 7, 2011, a confidential informant bought three "sleeves" of heroin, having a net weight of approximately 11.7 grams from Wilfred Castillo for approximately $1,800.

l. <u>Narcotics purchased on September 8, 2011</u>: On or about September 8, 2011, a confidential informant bought four "sleeves" of heroin, having a net weight of approximately 18.3 grams from Norberto Rodriguez and an unknown male for approximately $4,000.

m. <u>Narcotics purchased on September 22, 2011</u>: On or about September 22, 2011, a confidential informant bought two "sleeves" of heroin, having a net weight of approximately 8.7 grams from Wilfred Castillo for approximately $1,200.

n. <u>Narcotics purchased on September 27, 2011</u>: On or about September 27, 2011, a confidential informant bought three "sleeves" of heroin, having a net weight of approximately 13.4 grams from Rafael Pichardo and Norberto Rodriguez for approximately $1,500.

    o.    <u>Narcotics purchased on October 28, 2011</u>: On or about October 28, 2011, a confidential informant bought three "sleeves" of heroin, having a net weight of approximately 13.2 grams from Rafael Pichardo and Norberto Rodriguez for approximately $1,500.

    p.    <u>Narcotics purchased on November 11, 2011</u>: On or about November 11, 2011, a confidential informant bought three "sleeves" of heroin from Jose Taveras for approximately $1,500.

    q.    <u>Narcotics purchased on December 2, 2011</u>: On or about December 2, 2011, a confidential informant bought three "sleeves" of heroin from Rafael Pichardo for approximately $1,500.

    r.    <u>Narcotics purchased on December 7, 2011</u>: On or about December 7, 2011, a confidential informant bought one "sleeve" of heroin from Rafael Pichardo and Norberto Rodriguez for approximately $500.

    s.    <u>Narcotics purchased on February 8, 2012</u>: On or about February 8, 2012, an undercover officer bought a quantity of heroin from Josephine Javis.

F.    <u>OTHER TANGIBLE EVIDENCE</u>

    <u>Consent Searches of Locations</u>

Upon her arrest, defendant Tina Catrini provided written consent to search her residence, located at 39 Abner Drive, Apt. A, Farmingville, New York 11738.  Items seized include, but are not limited to: cell phones; used needles and drug baggies; unused needles; and a spoon containing suspected drug residue.

Upon her arrest, defendant Josephine Javis provided written consent to search the following locations: her residence, located at 65 Babylon Avenue, 2nd Fl, West Islip, NY; a 2000 Chevrolet Malibu; and a Sprint LG cell phone.  Items seized include, but are not limited to: cell phones; bag of balloons; miscellaneous papers; calendar book; hypodermic needles; green leafy substance; glass and metal pipes; pills; glassine; and a digital scale.

6

<u>Court-Authorized Search Warrants:</u>

Four court-authorized search warrants were executed on March 13, 2012 at the following locations: 1) 72 Debevoise Avenue, Roosevelt, New York; 2) 87-31 78th Street, Second Floor unmarked apartment, Woodhaven, New York; 3) 1068 Cypress Avenue, Apartment 2R, Ridgewood, New York; and 4) "The Garage," an unmarked storage unit located at or near 61 Wyckoff Avenue, Bushwick, New York.  You may obtain a copy of the search warrant affidavit pertaining to these four locations by contacting **Joe Meisner at First Choice Copy, telephone number (718) 381-1480, extension 212, and asking for print job number 60136**.

Below is an accounting of items seized pursuant to the above court-authorized search warrants:

1. <u>72 Debevoise Avenue, Roosevelt, New York</u>

As soon as an accounting of the items seized from this location is available to the government, it will be turned over to the defendants.

2. <u>87-31 78th Street, Second Floor unmarked apartment, Woodhaven, New York</u>

Items seized from this location include, but are not limited to: drug ledger; resume; jewelry; debit cards, credit cards and numbers and credit card statement; NY State Income tax return; spoon with powder residue; cash; cooler filled with rice-like substance; razor blades; red baggies; miscellaneous papers; pay check stubs and earning statements; ATM withdrawal slips; passport; picture; deposit slips; and cell phones.

3. <u>1068 Cypress Avenue, Apartment 2R, Ridgewood, New York</u>

Items seized from this location include, but are not limited to: a quantity of suspected heroin; measuring cups, spoons and sifter; digital scale, tape and rubber bands; packaging materials; miscellaneous paraphernalia; rice-like substance; picture frame; miscellaneous documents and papers; and a wallet.

4. <u>"The Garage," an unmarked storage unit located at or near 61 Wyckoff Avenue, Bushwick, New York</u>

Items seized from this location include, but are not limited to: envelopes containing suspected heroin.

\* \* \* \*

The government is in possession of additional non-narcotic, tangible evidence which it may seek to introduce at trial, including, but not limited to: cellular telephones seized from defendants; and five guns seized from defendant Roland Stern. This non-narcotic, tangible evidence was seized from co-defendants at the time of their arrests.

As the documentary evidence becomes available, it will be turned over in discovery. All other tangible items described above can be inspected at our Offices by appointment.

G.  **REPORTS OF EXAMINATIONS AND TESTS**

Enclosed please find the reports of laboratory examinations conducted on the controlled purchases of narcotics discussed above in Section E.

a. Heroin obtained on June 23, 2011, bates numbered 000000001.

b. Heroin obtained on June 24, 2011, bates numbered 00000002.

c. Heroin obtained on June 28, 2011, bates numbered 000000003.

d. Heroin obtained on June 29, 2011, bates numbered 000000004.

e. Heroin obtained on July 7, 2011, bates numbered 000000005.

f. Heroin obtained on July 20, 2011, bates numbered 000000006.

g. Heroin obtained on July 27, 2011, bates numbered 000000007.

h. Heroin obtained on August 11, 2011, bates numbered 000000008.

i. Heroin obtained on August 18, 2011, bates numbered 000000009.

j. Heroin obtained on August 19, 2011, bates numbered 000000010.

      k.      Heron obtained on September 7, 2011, bates numbered 000000011.

      l.      Heroin obtained on September 8, 2011, bates numbered 000000012.

      m.      Heroin obtained on September 22, 2011, bates numbered 000000013.

      n.      Heroin obtained on September 27, 2011, bates numbered 000000014.

      o.      Heroin obtained on October 28, 2011, bates numbered 0000000015.

The government will provide copies of reports of the laboratory examinations for the remaining seizures and controlled purchases as soon as they become available. The government will also provide copies of reports of any other examinations and tests conducted with respect to this case if and when they are generated.

H.    EXPERT TESTIMONY

The government intends to call an expert chemist to testify as to the chemical composition of the government's narcotics exhibits. The government also intends to call a narcotics expert to testify about methods of importing and distributing bulk and personal use quantities of heroin, including the production, processing, packaging and pricing of this narcotic.

The government will comply with Rule 16(a)(1)(E) by notifying you in a timely fashion of the identity of these experts and any additional experts that the government intends to call at trial. At that time, the government will also provide a summary of the opinion and qualifications of those experts.

I.    OTHER MATERIALS

The government is aware of and will comply with its obligation to produce exculpatory information or material within the scope of Brady v. Maryland, 373 U.S. 83 (1963), and its progeny.

The government will furnish you before trial with information or material regarding payments, promises or immunity, leniency, or preferential treatment, if any, made to prospective

9

witnesses within the scope of Giglio v. United States, 405 U.S. 150 (1972), and Napue v. Illinois, 360 U.S. 264 (1959).

The government will also furnish before trial materials discoverable pursuant to Title 18, United States Code, Section 3500.

J.  OTHER CRIMES, WRONGS, OR ACTS

The government will provide the defendant with reasonable notice in advance of trial if it intends to offer any material under Fed. R. Evid. 404(b).

K.  RECIPROCAL DISCOVERY

The Defendant's Required Disclosure

The government hereby asserts its right to reciprocal discovery under Rule 16(b) of the Federal Rules of Criminal Procedure. The government requests that the defendant allow inspection and copying of (1) any books, papers, documents, photographs, tapes, tangible objects, or copies or portions thereof, which are in the defendant's possession, custody, or control, and that the defendant intends to introduce as evidence or otherwise rely on at trial, and (2) any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, or copies thereof, which are in the defendant's possession, custody, or control, and that the defendant intends to introduce as evidence or otherwise rely on at trial or that were prepared by a witness whom the defendant intends to call at trial.

The government also requests that the defendant disclose at least forty-eight hours prior to the testimony, prior statements of witnesses who will be called by the defendant to testify, pursuant to Fed. R. Crim. P. 26.2.

The government also requests that the defendant disclose a written summary of testimony the defendant intends to use as evidence at trial under Rules 702, 703 and 705 of the Federal Rules of Evidence. The summary should describe the opinions of the witnesses, the bases and reasons for those opinions, and the witnesses' qualifications.

Pursuant to Fed. R. Crim. P. 12.3, the government hereby demands written notice of the defendant's intention, if any, to claim a defense of actual or believed exercise of public authority, and also demands the names and addresses of witnesses

upon whom the defendant intends to rely in establishing the defense identified in any such notice.

       Pursuant to Fed. R. Crim. P. 12.1(a), the government hereby demands written notice, to be served within ten days of this demand, if the defendant intends to offer a defense of alibi.  The written notice shall state the specific place or places at which the defendant claims to have been at the time of the alleged offenses, and the names and addresses of the witnesses upon whom the defendant intends to rely to establish such alibi.  The offenses took place at the location, dates, and times specified in the Complaint and Indictment.

       If you have any questions or further requests, please do not hesitate to contact us.

       Very truly yours,

       LORETTA E. LYNCH
       United States Attorney

By:  /s/ Licha M. Nyiendo
     Charles N. Rose
     Licha M. Nyiendo
     Assistant U.S. Attorneys
     (631) 715-7844/7825

Enclosures

cc: Court of Clerk (ADS) (w/o enclosures)