# UNITED STATES DISTRICT COURT

Eastern District of New York

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>JOSE RAUL PEREZ | **JUDGMENT IN A CRIMINAL CASE**<br><br>Case Number: CR-12-0171-01 (ADS)<br>USM Number: 80169-053<br><br>Barry R. Goldberg, Esq. (CJA)<br>Defendant's Attorney |

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ APR 27 2016 ★
LONG ISLAND OFFICE

**THE DEFENDANT:**

☑ pleaded guilty to count(s)   ONE (SINGLE COUNT INDICTMENT)

☐ pleaded nolo contendere to count(s) _____
   which was accepted by the court.

☐ was found guilty on count(s) _____
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21:846 and 841(b)(1)(A)<br>(iii) | CONSPIRACY TO DISTRIBUTE AT LEAST 1 KILOGRAM<br>OF HEROIN, a Class A Felony | | I |

The defendant is sentenced as provided in pages 2 through __6__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____   ☐ is   ☐ are dismissed on the motion of the United States.

    It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

4/15/2016
Date of Imposition of Judgment

s/ Arthur D. Spatt

Signature of Judge

ARTHUR D. SPATT, U.S.D.J.
Name and Title of Judge

4/27/2016
Date

AO 245B (Rev. 02/16) Judgment in Criminal Case
Sheet 2 — Imprisonment

Judgment — Page 2 of 6

DEFENDANT: JOSE RAUL PEREZ
CASE NUMBER: CR-12-0171-01 (ADS)

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:

SEVENTY TWO (72) MONTHS. THE DEFENDANT SHALL BE GIVEN CREDIT FOR TIME ALREADY SERVED FROM MARCH 13, 2012 TO THE PRESENT DATE.

☐ The court makes the following recommendations to the Bureau of Prisons:

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ ☐ a.m. ☐ p.m. on _____

    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 2 p.m. on _____

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

a _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: JOSE RAUL PEREZ
CASE NUMBER: CR-12-0171-01 (ADS)

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of:
THREE (3) YEARS.

    The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

- ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*

- ☑ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*

- ☐ The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

- ☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

- ☐ The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

    If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

    The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment; or if such prior notification is not possible, then within forty eight hours after such change.
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: JOSE RAUL PEREZ
CASE NUMBER: CR-12-0171-01 (ADS)

# ADDITIONAL SUPERVISED RELEASE TERMS

1. THE DEFENDANT SHALL NOT POSSESS A FIREARM, AMMUNITION, DESTRUCTIVE DEVICE OR ANY OTHER DANGEROUS WEAPON.

2. THE DEFENDANT SHALL PARTICIPATE IN AN OUTPATIENT AND/OR INPATIENT DRUG TREATMENT OR DETOXIFICATION PROGRAM APPROVED BY THE U.S. PROBATION DEPARTMENT. THE DEFENDANT SHALL CONTRIBUTE TO THE COSTS OF SUCH TREATMENT/DETOXIFICATION NOT TO EXCEED AN AMOUNT DETERMINED REASONABLE BY THE PROBATION DEPARTMENT'S SLIDING SCALE FOR SUBSTANCE ABUSE TREATMENT SERVICES, AND SHALL COOPERATE IN SECURING ANY APPLICABLE THIRD PARTY PAYMENT, SUCH AS INSURANCE OR MEDICAID. THE DEFENDANT SHALL DISCLOSE ALL FINANCIAL INFORMATION AND DOCUMENTS TO THE U.S. PROBATION DEPARTMENT TO ASSESS HIS ABILITY TO PAY. THE DEFENDANT SHALL NOT CONSUME ANY ALCOHOL OR OTHER INTOXICANTS DURING AND AFTER TREATENT/DETOXIFICATION, UNLESS GRANTED A PRESCRIPTION BY A LICENSED PHYSICIAN AND PROOF OF SAME IS PROVIDED TO THE PROBATION DEPARTMENT. THE DEFENDANT SHALL SUBMIT TO TESTING DURING AND AFTER TREATMENT TO ENSURE ABSTINENCE FROM DRUGS AND ALCOHOL.

3. THE DEFENDANT SHALL NOT ASSOCIATE IN PERSON, THROUGH MAIL, ELECTRONIC MAIL OR TELEPHONE WITH ANY INDIVIDUAL WITH AN AFFILIATION TO ANY ORGANIZED CRIME GROUPS, GANGS OR ANY OTHER CRIMINAL ENTERPRISE, NOR SHALL THE DEFENDANT FREQUENT ANY ESTABLISHMENT, OR OTHER LOCALE WHERE THESE GROUPS MAY MEET PURSUANT, BUT NIT LIMITED TO, A PROHIBITION LIST PROVIDED BY THE PROBATION DEPARTMENT.

4. THE DEFENDANT SHALL MAINTAIN FULL-TIME VERIFIABLE EMPLOYMENT AS APPROVED BY THE PROBATION DEPARTMENT.

5. THE DEFENDANT SHALL SUBMIT HIS PERSON, PROPERTY, HOUSE, RESIDENCE, VEHICLE, PAPERS [COMPUTERS (AS DEFINED IN 18 USC 1030(e)(1)), OTHER ELECTRONIC COMMUNICATIONS OR DATA STORAGE DEVICES OR MEDIA,] OR OFFICE, TO A SEARCH CONDUCTED BY A UNITED STATES PROBATION OFFICER. FAILURE TO SUBMIT TO A SEARCH MAY BE GROUNDS FOR REVOCATION OF RELEASE. THE DEFENDANT SHALL WARN ANY OTHER OCCUPANTS THAT THE PREMISES MAY BE SUBJECT TO SEARCHES PURSUANT TO THIS CONDITION. AN OFFICER MAY CONDUCT A SEARCH PURSUANT TO THIS CONDITION ONLY WHEN REASONABLE SUSPICION EXISTS THAT THE DEFENDANT HAS VIOLATED A CONDITION OF HIS SUPERVISION AND THAT THE AREAS TO BE SEARCHED CONTAIN EVIDENCE OF THIS VIOLATION. ANY SEARCH MUST BE CONDUCTED AT A REASONABLE TIME AND IN A REASONABLE MANNER.

6. THE DEFENDANT IS SUBJECT TO THE FINAL ORDER OF FOREFEITURE DATED APRIL 15, 2016 AND IS ATTACHED TO THIS JUDGMENT AND CONVICTION ORDER.

Judgment — Page 5 of 6

DEFENDANT: JOSE RAUL PEREZ
CASE NUMBER: CR-12-0171-01 (ADS)

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 100.00 | $ 0.00 | $ 0.00 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| **TOTALS** | $ 0.00 | $ 0.00 | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ the interest requirement is waived for the  ☐ fine  ☐ restitution.

☐ the interest requirement for the  ☐ fine  ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: JOSE RAUL PEREZ
CASE NUMBER: CR-12-0171-01 (ADS)

Judgment — Page  6  of  6

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A  ☑  Lump sum payment of $ __100.00__ due immediately, balance due

    ☐ not later than _____ , or
    ☐ in accordance  ☐ C,  ☐ D,  ☐ E, or  ☐ F below; or

B  ☐  Payment to begin immediately (may be combined with  ☐ C,  ☐ D, or  ☐ F below); or

C  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E  ☐  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  ☐  Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

    Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

FR:RWS
F. #2011R00870

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

| | |
|---|---|
| UNITED STATES OF AMERICA, | FINAL ORDER OF FORFEITURE |
| - against - | Cr. No. 12-171 (ADS) |
| JOSE PEREZ, | |
| Defendant. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

WHEREAS, on or about June 7, 2012, JOSE PEREZ (the "Defendant"), entered a plea of guilty to the above-captioned indictment, charging a violation of 21 U.S.C. § 846;

WHEREAS, on October 20, 2013, this Court entered a Preliminary Order of Forfeiture pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, wherein the Defendant agreed to forfeit to the United States all right, title and interest in the following items (collectively, referred to as the "Forfeited Assets"): (a) forty thousand, two hundred thirty-five dollars and fifty-five cents ($40,235.55) in United States currency seized on or about March 13, 2012 from the residence located on 78th Street, in Woodhaven, New York; (b) the real property and premises located at 72 Debevoise Avenue, Apt 1, Roosevelt, New York; and (c) assorted jewelry seized on or about March 13, 2012 including, but not limited to: (i) Gents Wittnauer watch model #11C876829, stainless steel, sapphire crystal; (ii) 14K white gold gents bracelet containing 900=9ct TW round full cut diamonds bead set throughout 16 sections, I-J color SI2 clarity, 41 grams.; (iii) (2 pcs) 14K yellow gold flat Gucci Chain with

#3A 14K yellow gold charm. 27.7grams; (iv) 14K white gold Gents containing 50 round single cut stones, 4.3 grams; (v) 14K white gold 34" diamond tennis necklace containing 202 round 4mm brilliant cut diamonds, each set in individual 4 prong settings, 49.5 DWT. Diamonds average H-I color SI1 clarity, all matching in make, approx. 50ct. TW; (vi) 14K white gold two sided invisibly set princess cut diamond bangle bracelet, containing 5 rows each side, 475 diamonds=approx. 20ct, H color VS2 clarity, 36.2 DWT; (vii) 14K white gold gents invisibly set princess cut ring, containing 70 diamonds; (viii) (2 pcs) 1 pr. 14K white gold invisibly set diamond earrings each containing 5 rows of 5 (25) .02pt, 50=1ct TW, H color, VS2 clarity, 2 DWT; (ix) 14K yellow gold ½ pr earring containing round single cut diamond, 1.35DWT; (x) 14K yellow gold ½ p diamond earring, industrial quality, 1 dwt; (xi) Gents "Breitling" Bentley watch, model #A44362, serial #2128438, w/ aftermarket diamond dial.; (xii) After-market diamond bezel (upper) contains 50 round full cut diamonds=approx. 5ct, Lower bezel (side) contains 86 round full cut diamonds=approx. 4ct, 9ct TW, H-I color, SI1 clarity; (xiii) After-market diamond case contains approx. 364 round full cut diamonds=approx. 7ct TW, H-I color SI1 clarity, bead set throughout the case; (xiv) Gents "Breitling" Bentley model #A44362, serial #2016072, authentic; (xv) After-market diamond case contains approx. 2-3ct TW, I color, SI1 clarity, bead set on both sides of case; (xvi) Aftermarket diamond bezel contains 32 round brilliant cut diamonds (3.6mm-3.8mm) approx. 6ct TW, I-J color SI2 clarity, channel set; (xvii) 10K white gold diamond bracelet attached to watch contains 320 round full cut diamonds on each side, 640 approx. 17-18ct TW, I-J color SI1-SI2 clarity, prong set, stainless steel buckle; and (xviii)14K white gold invisibly set princess cut diamond bangle bracelet, containing 7 rows of 43 stones, 301=approx. 21ct, H color, VS2 clarity, 76.6 grams, ¾" width, forfeitable to the United States, pursuant to 21 U.S.C. §§ 853(a) and 853(p), as

property constituting, or derived from proceeds obtained, directly or indirectly, as a result of the Defendant's violation of 21 U.S.C. § 846, as property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation, and/or as substitute assets; and

WHEREAS, legal notice of the Preliminary Order of Forfeiture was published on an official government website, www.forfeiture.gov, beginning on August 24, 2012 through and including September 22, 2012; and

WHEREAS, due to the negative equity, the government now seeks to vacate the previously filed Preliminary Order of Forfeiture to the extent it forfeits the real property and premises located at 72 Debevoise Avenue, Apt 1, Roosevelt, New York; and

WHEREAS, no third party has filed with the Court any petition or claim in connection with the Forfeited Assets, and the time to do so under 21 U.S.C. § 853(n)(2) has expired.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED and DECREED, that pursuant to 21 U.S.C. §§ 853(a) and 853(p), and the Preliminary Order of Forfeiture, all right, title and interest in (a) $40,235.55 in United States currency seized on or about March 13, 2012, from the residence located on 78th Street, in Woodhaven, New York and (b) the Assorted Jewelry (items (a) and (b) are collectively referred to as the "Forfeited Assets"), are hereby condemned, forfeited, and vested in the United States of America.

IT IS FURTHER ORDERED that the Preliminary Order of Forfeiture is vacated as to the real property and premises located at 72 Debevoise Avenue, Apt 1, Roosevelt, New York.

IT IS FURTHER ORDERED that the United States Marshals Service

("USMS") and all duly authorized agents and/or contractors be, and hereby are, directed to dispose of the Forfeited Assets in accordance with all laws and regulations.

IT IS FURTHER ORDERED that the United States District Court for the Eastern District of New York shall retain jurisdiction over this case for the purpose of enforcing the Preliminary Order and this Final Order of Forfeiture and any supplemental orders of forfeiture as may be necessary.

IT IS FURTHER ORDERED that the Clerk of Court shall enter final judgment of forfeiture to the United States in accordance with the terms of this Final Order and the Preliminary Order of Forfeiture.

IT IS FURTHER ORDERED that the Clerk of the Court shall send by interoffice mail five (5) certified copies of this executed Final Order of Forfeiture to the United States Attorney's Office, 610 Federal Plaza, Central Islip, New York 11722, Attn: Brian Gappa, FSA Asset Forfeiture Paralegal.

Dated: Central Islip, New York
April 15, 2016

s/ Arthur D. Spatt

_____
HONORABLE ARTHUR D. SPATT
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK